UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GIOVANNI VALLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 9239 |
| v. ) | |
| ) | Chief Judge Rubén Castillo |
| CITY OF CHICAGO and CHICAGO ) | |
| POLICE OFFICER CAROL ) | |
| WEINGART, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Giovanni Valle ("Plaintiff") brings this action under 42 U.S.C. § 1983 against the City of Chicago (the "City") and Chicago Police Officer Carol Weingart ("Weingart," and collectively "Defendants"), alleging that Weingart used excessive force against Plaintiff in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution. (R. 1, Compl. ¶¶ 1, 16-19.) Plaintiff also brings a claim against the City pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), alleging that his injuries were proximately caused by inadequate practices and procedures that constitute de facto City policy. (*Id.* ¶¶ 20-26.) Defendants move to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (R. 12, Mot.) For the reasons set forth below, Defendants' motion to dismiss is granted.

## BACKGROUND

Plaintiff is a resident of Chicago. (R. 1, Compl. ¶ 4.) Weingart was, at all relevant times, a Chicago police officer employed by the City. (*Id.* ¶ 5.) In the early morning hours of December 29, 2015, Plaintiff was visiting friends at a house on the 3000 block of North Clybourn Avenue

in Chicago. (*Id.* ¶ 8.) Upon leaving, Plaintiff was unable to dislodge his vehicle from a snowbank along the side of the street and requested the help of other guests at the house to push the vehicle out of the snowbank. (*Id.* ¶ 9.) At the same time, unrelated to Plaintiff's activities, several Chicago police officers including Weingart were responding to a 911 call reporting "shots fired" or a "person with a gun" near 3028 North Clybourn Avenue. (*Id.* ¶ 10.) Plaintiff alleges that Weingart and at least one other officer began to approach Plaintiff at the moment his vehicle became dislodged and he began to drive away. (*Id.* ¶ 11.) As Plaintiff drove past where the officers were standing, Weingart and/or other unknown police officers allegedly drew their weapons and began firing indiscriminately at Plaintiff's vehicle, despite the fact that none of the officers were in any danger of bodily harm. (*Id.* ¶ 12.) Plaintiff alleges that he was terrified of being pursued and killed by the police and fled the scene as a result. (*Id.* ¶ 13.) He was pursued by other officers and apprehended a few minutes later at the intersection of Western and Leland Avenues. (*Id.*) Plaintiff was subsequently charged with several criminal offenses, including aggravated assault, based on his actions. (*Id.* ¶ 14.) Less than a month after the arrest, however, all charges were dismissed by the Cook County State's Attorney's Office. (*Id.*)

In Count I, Plaintiff brings a claim under Section 1983 against Weingart "and/or UNKNOWN Defendant Officers,"[1] alleging that their actions of firing upon his vehicle were objectively unreasonable and constituted excessive force in violation of the Fourth and Fourteenth Amendments. (*Id.* ¶ 17.) Plaintiff claims that, as a result of being fired upon by the officers, he suffered harm including "great mental anguish, humiliation, degradation, loss of reputation and anxiety." (*Id.* ¶ 15.)

---

[1] The Court observes that the complaint does not actually name any "John Doe" officers as defendants.

In Count II, Plaintiff brings a *Monell* claim against the City, alleging that his injuries were proximately caused by inadequate policies, procedures, and practices of the City, whose indifference to officers shooting at moving vehicles has allowed them to routinely violate the constitutional rights of citizens without fear of meaningful investigation or punishment. (*Id.* ¶ 21.) Plaintiff alleges that, as a result of the City's deliberate indifference to the problem of officers shooting at moving vehicles, this type of misconduct has become so widespread that it constitutes a de facto policy within the Chicago Police Department. (*Id.* ¶¶ 22-23.)

**PROCEDURAL HISTORY**

Plaintiff filed his complaint on December 22, 2017. (R. 1, Compl.) On February 7, 2018, Defendants filed their present motion to dismiss. (R. 12, Mot.) Defendants contend that Plaintiff has failed to state a claim of excessive force because he was not "seized" within the meaning of the Fourth Amendment. (*Id.* at 4-7.) Defendants argue that the shots did not impair or restrain Plaintiff's movements because, according to Plaintiff's own allegations, neither Plaintiff nor his car was struck.[2] (*Id.* at 7.) Defendants also point out that Plaintiff did not voluntarily stop as a result of the officers' shots. (*Id.*) Defendants compare Plaintiff's allegations to other cases where the U.S. Court of Appeals for the Seventh Circuit and other U.S. Courts of Appeals have found that no seizure took place when officers fired at, but did not hit, the plaintiff. (*Id.* at 4-7.) Defendants contend that Plaintiff's *Monell* claim must also be dismissed because Plaintiff has failed to allege any predicate constitutional violation. (*Id.* at 7.)

In response, Plaintiff argues that he has adequately stated a Fourth Amendment claim. (R. 22, Resp. at 2.) Plaintiff does not directly address whether the complaint plausibly alleges a

---

[2] Although the complaint was silent on this point, Plaintiff's response brief appears to concede that the officers' shots did not strike Plaintiff or his vehicle. (*See* R. 22, Resp. at 3 ("Defendants . . . seek to draw a distinction between the unjustified shots in *Bradley* striking the victim's car, and Weingart striking various other objects, but not Plaintiff or his vehicle.").)

3

Fourth Amendment seizure. Instead, Plaintiff insists that the officers' use of deadly force was reckless and unjustified and argues that whether or not the shots actually struck him or his vehicle should not be dispositive. (*Id.* at 2-3.) Plaintiff also contends that he has plausibly alleged that the officers lacked probable cause to arrest him when he was later stopped and apprehended. (*Id.* at 4-5.) Last, Plaintiff argues that since he has adequately alleged an underlying constitutional violation, his *Monell* claim against the City is viable. (*Id.* at 5.)

In reply, Defendants argue that Plaintiff has entirely skirted the premise of their motion—namely, that Plaintiff fails to allege any Fourth Amendment seizure. (R. 24, Reply at 1-3.) Defendants also contend that Plaintiff's argument concerning probable cause for his arrest improperly attempts to introduce a separate claim of false arrest. (*Id.* at 1, 4-5.) Defendants argue that the complaint cannot be fairly read to assert such a claim and that, in any event, any claim for false arrest would have to be dismissed. (*Id.* at 4-5.) Defendants also argue that Plaintiff's *Monell* claim must be dismissed even if it is premised on the "new" claim of false arrest, because Plaintiff has not alleged any City policies related to arresting citizens without probable cause. (*Id.* at 5.)

## LEGAL STANDARD

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads

4

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In evaluating a motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in Plaintiff's favor. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

## ANALYSIS

### I. Excessive Force

The Fourth Amendment safeguards the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST., amend IV. "A claim that excessive force was used by the police against a citizen is analyzed under the Fourth Amendment's prohibition of unreasonable seizures of the person[.]" *United States v. Collins*, 714 F.3d 540, 543 (7th Cir. 2013). To state a claim under Section 1983 for unreasonable seizure in violation of the Fourth Amendment, a plaintiff must allege conduct that constitutes a "seizure." *Welton v. Anderson*, 770 F.3d 670, 675 (7th Cir. 2014); *Bielanski v. Cty. of Kane*, 550 F.3d 632, 637 (7th Cir. 2008). A person is seized within the meaning of the Fourth Amendment "only when, by means of physical force or a show of authority, his freedom of movement is restrained." *United States v. Griffin*, 652 F.3d 793, 798 (7th Cir. 2011) (citation omitted); *see also Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) ("A 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, by means of physical force or show of authority . . . in some way restrained the liberty of a citizen[.]" (citation and internal quotation marks omitted)). "While an officer's application of physical force always constitutes a seizure, a 'show of authority' alone is insufficient; an officer's show of authority becomes a seizure only if the person at whom it is directed *actually submits* to that authority." *Griffin*, 652

5

F.3d at 798 (emphasis added); *see also Brendlin v. California*, 551 U.S. 249, 254 (2007) ("A police officer may make a seizure by a show of authority . . . but there is no seizure without actual submission[.]"); *Collins*, 714 F.3d at 543 (explaining that no seizure occurs under the Fourth Amendment "until force is applied or the suspect submits to the officer").

While the police conduct alleged is troubling, Plaintiff fails to state a claim of excessive force under the Fourth Amendment because he has not alleged any conduct that constitutes a "seizure." Plaintiff has not alleged that Weingart or the other involved officers applied any physical force to restrain him. The shots fired by Weingart and the other officers do not qualify as "physical force," for purposes of a Fourth Amendment seizure, because Plaintiff has not alleged that the bullets struck him or his vehicle.[3] *Green v. Chvala*, 567 F. App'x 458, 460 (7th Cir. 2014) (holding that plaintiff was not seized under the Fourth Amendment where officer's shots did not hit him); *Cabell v. Rousseau*, 130 F. App'x 803, 807 (7th Cir. 2005) (holding that plaintiff was not seized by physical force because, while officers fired at him numerous times, he was not struck by any of the bullets); *see also United States v. Bradley*, 196 F.3d 762, 768 (7th Cir. 1999) (holding that subject *was* seized by physical force when police fired bullet that lodged in driver's seat of his station wagon).

The officers' shots might well qualify as a "show of authority" for purposes of the Fourth Amendment even though they did not strike Plaintiff or his vehicle. *See Carlson v. Bukovic*, 621 F.3d 610, 619 (7th Cir. 2010) (identifying "the display of a weapon" as a factor relevant to whether a seizure has occurred); *Green v. City of Chicago*, No. 12 CV 9447, 2017 WL 5894203,

---

[3] In his dissent from the U.S. Supreme Court's decision in *California v. Hodari D.*, 499 U.S. 621 (1991), Justice Stevens predicted that this rule would result from the Court's 1991 holding, writing that "[i]n its decision, the Court assumes . . . that a police officer may now fire his weapon at an innocent citizen and not implicate the Fourth Amendment—as long as he misses his target." *Id.* at 630 (Stevens, J., dissenting).

6

at *5 (N.D. Ill. Mar. 17, 2017) ("Officer Nwagwu's acts of chasing Plaintiff, yelling at him to stop and firing an errant shot at Plaintiff was no doubt a show of authority."). However, nothing in Plaintiff's allegations permits a reasonable inference that he submitted to this putative show of authority. To the contrary, Plaintiff expressly alleges that he "fled from the scene" because he was "[t]errified that he would be pursued and killed by police." (R. 1, Compl. ¶ 13.) Without Plaintiff's actual submission to a show of authority, "there is at most an *attempted* seizure, so far as the Fourth Amendment is concerned." *Brendlin*, 551 U.S. at 254 (emphasis added). Because he did not submit to the officers' putative show of authority, and he does not allege that his freedom of movement was otherwise restrained, Plaintiff was not "seized." *Collins*, 714 F.3d at 543; *Griffin*, 652 F.3d at 798; *see also Brendlin*, 551 U.S. at 254 ("[T]here is no seizure without actual submission[.]"); *California v. Hodari D.*, 499 U.S. 621, 626 (1991) (holding that a seizure by a show of authority does not occur unless the subject yields). Plaintiff has therefore failed to state a claim of excessive force under the Fourth Amendment.[4] Accordingly, the Court will

---

[4] Plaintiff was no doubt seized when he was later stopped and arrested at the corner of Western and Leland Avenues. (*See* R. 1, Compl. ¶ 13.) However, Plaintiff does not allege any police misconduct in connection with that seizure, and "the moment of a seizure does not relate back to an initial show of authority that was ignored." *Collins*, 714 F.3d at 543. When he fled from Weingart and the other officers who shot at him, Plaintiff ignored their putative show of authority, and his subsequent seizure does not somehow relate back to the officers' initial show of authority that Plaintiff claims to be excessive and unreasonable. *Id.*; *see also United States v. Mays*, 819 F.3d 951, 955 (7th Cir. 2016) ("A Fourth Amendment seizure is not a continuous fact; it is a single act that occurs at a discrete point in time." (citation and internal quotation marks omitted)); *Cabell*, 130 F. App'x at 807 (holding that plaintiff was not seized by officers' show of authority—105 gunshots—because he "did not submit to their authority until the firing had ceased").

7

dismiss Count I, but will do so without prejudice to Plaintiff re-pleading such a claim.[5] *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("Generally, if a district court dismisses for failure to state a claim, the court should give the party one opportunity to try to cure the problem, even if the court is skeptical about the prospects for success.")

## II. False Arrest

As a preliminary matter, the Court considers whether the complaint can fairly be read to assert a claim of false arrest. "A claim of false arrest is an allegation that a plaintiff was arrested without probable cause, in violation of the Fourth Amendment." *Hurt v. Wise*, 880 F.3d 831, 841 (7th Cir. 2018). Plaintiff spends a substantial portion of his response brief insisting that his arrest was unsupported by probable cause. (R. 22, Resp. at 4-5.) Defendants reply that Plaintiff is essentially arguing that he states a claim for false arrest, but that the complaint does not give notice of such a claim. (R. 24, Reply at 4-5.) Defendants point out that the phrase "probable cause" appears nowhere in the complaint and contend that "there is nothing in Plaintiff's complaint that would lead to the inference of a claim for false arrest." (*Id.* at 4.) The Court agrees that the complaint fails to state a claim for false arrest because it does not give adequate notice of such a claim.

Under Federal Rule of Civil Procedure 8, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The short and plain statement envisioned by Rule 8 must, at a minimum, "give the defendant fair

---

[5] The complaint tersely references the Fourteenth Amendment as well, (*see* R. 1, Compl. ¶ 17), and could arguably be construed to assert a "shocks the conscience" claim under the substantive component of the Fourteenth Amendment Due Process Clause. *See Cairel v. Alderden*, 821 F.3d 823, 833 (7th Cir. 2016) ("A plaintiff may sue under § 1983 for police behavior that 'shocks the conscience[.]'"), *cert. denied*, 137 S. Ct. 493 (2016); *Chvala*, 567 F. App'x at 460 (holding that plaintiff stated a substantive due process claim under the Fourteenth Amendment based on allegation that police officer "shot at his slowly moving car, not to enforce a government interest, but to kill him"). However, Plaintiff has not argued that he is asserting such a claim. If Plaintiff wishes to pursue such a claim, he may do so in an amended pleading.

8

notice of what the . . . claim is." *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted); *see also UIRC-GSA Holdings Inc. v. William Blair & Co., L.L.C.*, 289 F. Supp. 3d 852, 857 (N.D. Ill. 2018) ("The short and plain statement under Rule 8(a)(2) must give the defendant fair notice of what the claim is and the grounds upon which it rests." (citation and internal quotation marks omitted)). Nothing in the complaint gives Defendants fair notice of a claim for false arrest. The two separately captioned counts are titled "Count I: §1983 Excessive Force" and "Count II: Policy Claim."[6] (R. 1, Compl. at 3-4.) While claims of excessive force and false arrest are both predicated on the Fourth Amendment and are often asserted together in the same action, they are "conceptually different"—"both are unreasonable, but for different reasons." *Carlson*, 621 F.3d at 622 n.19. Asserting one does not, by itself, give notice of the other. *See Swanigan v. Trotter*, 645 F. Supp. 2d 656, 676 (N.D. Ill. 2009) (rejecting plaintiff's attempt to argue a claim of excessive force at summary judgment because complaint asserted only false arrest, and the two are "distinct claims"). In addition, the sole allegation relating to Plaintiff's arrest is that, after being shot at, Plaintiff "fled from the scene . . . until he was apprehended minutes later." (R. 1, Compl. ¶ 13.) Plaintiff alleges nothing else regarding the circumstances of his arrest, much less question the basis for it.

Plaintiff does challenge the propriety of the criminal charges against him, alleging that they were "premised on the false claim that Defendant Officer Weingart and/or Unknown Defendant Officers were threatened with great bodily harm by the actions of Plaintiff." (*Id.* ¶ 14.) However, whatever other claims this allegation might support, it gives no notice of a claim that Plaintiff's *arrest* violated the Fourth Amendment's probable-cause requirement. The fact that the

---

[6] Of course, a plaintiff is not always required to set forth each claim in a separate count. *See* FED. R. CIV. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."). However, Plaintiff has elected to do so here, and the Court finds the absence of a count specifically asserting false arrest to be probative.

9

criminal charges against Plaintiff were later dismissed is also insufficient to give notice of a false arrest claim.[7] *See Stallings v. Cook Cty.*, No. 11 C 7464, 2012 WL 138629, at *2 (N.D. Ill. Jan. 17, 2012) (concluding that plaintiff failed to state a Fourth Amendment false arrest claim, explaining that "[t]he fact that the charges [against plaintiff] were ultimately dismissed does not, alone, necessarily signify that the plaintiff was falsely arrested").

While Plaintiff clearly challenges the existence of probable cause in his response to Defendants' motion to dismiss, "[i]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) (citation omitted). Because the complaint fails to give fair notice of a false arrest claim, the Court dismisses any such claim.[8] As with Plaintiff's excessive force claim, however, the dismissal will be without prejudice. *Bausch*, 630 F.3d at 562.

## III. *Monell* Claim

Under *Monell*, "[a] government entity can be held liable under § 1983 when the execution of a government policy or custom is deemed to inflict an injury on a plaintiff." *Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015). However, a government entity "cannot be liable under *Monell* when there is no underlying constitutional violation." *Horton v. Pobjecky*, 883 F.3d 941, 954 (7th Cir. 2018). As discussed above, Plaintiff has failed to allege a violation of the Fourth Amendment because he has not alleged a seizure by the officers involved in the incident. Plaintiff also fails to state a claim of false arrest because the complaint gives no notice

---

[7] The Court also observes that, despite moving to dismiss the complaint "in its entirety," (R. 12, Mot. at 1), Defendants' opening motion did not address any false arrest claim, which underscores that the complaint did not give fair notice of such a claim. *Cf. Novotny v. Porzycki*, No. 02-CV-8564, 2003 WL 21384638, at *1 (N.D. Ill. June 13, 2003) (concluding that complaint gave fair notice of claims based in part on fact that "Defendants identified those claims in order to include them in their motion to dismiss").

[8] Because the complaint does not adequately plead a false arrest claim, the Court need not address Defendants' alternative argument that such a claim, even if adequately pled, would have to be dismissed. (*See* R. 24, Reply at 4-5.)

of such a claim. Because Plaintiff has failed to allege any underlying constitutional deprivation, he has likewise failed to state a *Monell* claim. *See Barrow v. City of Chicago*, No. 13 C 8779, 2014 WL 4477945, at *3 (N.D. Ill. Sept. 11, 2014) (granting motion to dismiss *Monell* claim because plaintiff failed to allege an underlying constitutional deprivation). Count II will therefore be dismissed without prejudice. *Bausch*, 630 F.3d at 562.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (R.12) is GRANTED. Plaintiff's excessive force claim (Count I) and his *Monell* claim (Count II) are both dismissed without prejudice. Plaintiff is given until September 14, 2018, to file any amended complaint in this lawsuit which complies with this opinion. A status hearing will be held in open court on September 19, 2018, at 9:45 a.m. to discuss discovery and settlement.

ENTERED: _____
**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: August 8, 2018**